1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10
11
12   ORLANDO GARCIA,                      Case No.:  21-cv-00126-CAB-AGS
13                          Plaintiff,
                                          **ORDER GRANTING DEFENDANT'S**
14   v.                                   **MOTION FOR JUDGMENT ON THE**
                                          **PLEADINGS**
15   PINNACLE 1617, LLC,
16                          Defendant.
                                          [Doc. No.  6]
17
18
19          This matter comes before the Court on Defendant's motion for judgment on the
20   pleadings.  [Doc. No. 6.]  The motion has been fully briefed and the Court finds it suitable
21   for determination on the papers submitted and without oral argument.  *See* CivLR 7.1(d)(1).
22   For the reasons set forth below, Defendant's motion is granted.
23   **I.     BACKGROUND**[1]
24          Plaintiff Orlando Garcia filed this complaint against Defendant Pinnacle 1617, LLC
25   in the Superior Court of California, County of San Diego, on October 29, 2020 [Doc. No.
26
27   ───────────────
28   [1] The Court is not making any findings of fact, but rather summarizing the relevant allegations of
     Plaintiff's complaint.

1-2], and Defendant removed the action to this Court on January 22, 2021.  [Doc. No. 1.] [2] The complaint asserts claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act), CAL. CIV. CODE § 51 *et seq.*  [Doc. No. 1-2 ¶¶ 20-27.]

Defendant owns and operates the Four Points by Sheraton San Diego Downtown Little Italy hotel located at 1617 1st Avenue, San Diego, California (the "Hotel").  [*Id.* ¶ 2.]  Plaintiff alleges that on September 27, 2020, he visited the Hotel's website[3] because he was planning on traveling to San Diego in October 2020 and was interested in booking a room at the Hotel.  [*Id.* ¶¶ 12-15.]  Plaintiff also states that he suffers from cerebral palsy and "uses a wheelchair, walker, or cane for mobility."  [*Id.* ¶ 1.]  Due to his physical disabilities, Plaintiff requires an "accessible guestroom" that includes "clearance around beds," "accessible restroom facilities including accessible sinks, accessible tubs or showers and accessible toilets," "sufficient maneuvering clearance in and around the guestroom," and "accessories to be located within an accessible reach range."  [*Id.* ¶ 14.]

Plaintiff alleges that when browsing the Hotel's website on September 27, 2020, he found "little information about the accessibility of the rooms."  [*Id.* ¶ 16.]  Plaintiff states that the Hotel website lists "Accessible Areas with Accessible Routes from Public Entrance," which includes the Business Center, the Fitness Center, "pool accessible," "public entrance alternative," and "accessible self-parking."  [*Id.*]  Plaintiff also states that under the "Guest Room Accessibility" tab, the Hotel website lists "Bathroom grab bars," "Bathtub grab bars," "Roll-in shower," "Shower wand, adjustable," and "Toilet seat at wheelchair height."  [*Id.*]  According to the complaint, these "vague and conclusory statements" about the Hotel's accessibility did "not contain enough information to allow Plaintiff to independently assess if the room and hotel are accessible."  [*Id.*]  Plaintiff also

---

[2] Document numbers and page references are to those assigned by CM/ECF for the docket entry.
[3] Plaintiff states that the URL of the Hotel's website is "https://www.marriott.com/hotels/maps/travel/sanpd-four-points-san-diego-downtown-little-italy/."  [Doc. No. 1-2 ¶ 15.]

claims that the website's "lack of information" created difficulty and discomfort for him when trying to book a room. [*Id.* ¶ 18.] Therefore, although Plaintiff "would like to patronize [the Hotel]," he is "deterred from doing so because of the lack of detailed information through the hotel's reservation system." [*Id.* ¶ 19.]

Based on the above allegations, Plaintiff claims that Defendant violated the ADA's implementing regulations regarding hotel reservation systems. Specifically, Plaintiff alleges that Defendant violated 28 C.F.R. § 36.302(e) by (1) "fail[ing] to modify its reservation policies and procedures to ensure that it identified and described accessible features in the hotels and guest rooms in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;" and (2) "fail[ing] to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms." [*Id.* ¶ 23.] Plaintiff now seeks injunctive relief compelling Defendant to comply with the ADA and the Unruh Act, and seeks damages under the Unruh Act for Defendant's alleged violations. [*Id.* at 8.]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings must be evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). Thus, the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to a motion for judgment on the pleadings. *Lowden v. T–Mobile USA, Inc.*, 378 Fed. Appx. 693, 694 (9th Cir. 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 544)). When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the

3

plaintiff.  *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994).  A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law.  *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

### III.   REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, a court may take judicial notice, either on its own accord or by a party's request, of facts that are not subject to reasonable dispute because they are (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).  Courts may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations and citations omitted).  Further, a court "may take judicial notice of court filings and other matters of public record."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Defendant requests the Court take judicial notice of thirteen exhibits attached to its request.  [Doc. No. 6-2.]  Although Plaintiff does not object to them, the first two exhibits (marked by Defendant as Exhibits 1 and 2) appear to be screenshots of the website for another hotel, the Fairfield Inn & Suites San Diego Old Town, which is not mentioned in this case.[4]  [*Id.* at 5-11.]  Similarly, Defendant's Exhibit 6 appears to be a screenshot of the website for the Fairfield Anaheim Resort, which Defendant alleges was at issue in another case in the Central District of California.  [*Id.* ¶ 6.]  Because these exhibits are irrelevant

---

[4] Defendant also refers to the URL for this hotel ("https://www.marriott.com/hotels/travel/sanfi-fairfield-inn-and-suites-san-diego-old-town") as "the 'Website'" on which Plaintiff's claims are based.  [Doc. No. 6-1 at 5.]  However, Plaintiff's complaint states that the URL of the Hotel's website at issue in this case is "https://www.marriott.com/hotels/maps/travel/sanpd-four-points-san-diego-downtown-little-italy/" and does not mention any other URL.  [Doc. No. 1-2 ¶ 15.]

to this case, the Court **DENIES** Defendant's request to take judicial notice of Exhibits 1, 2, and 6.

Defendant's Exhibit 3 purports to be a list of Plaintiff's cases filed in federal court from PACER.  [*Id.* at 2.]  This document is only intended to bring the Court's attention to Plaintiff's litigation history.  However, the Court does not consider Plaintiff's litigation record in reaching its decision.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) ("The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny. . . .  This is particularly true in the ADA context . . .").  Thus, the Court **DENIES** Defendant's request to take judicial notice of Exhibit 3.

The remaining exhibits are copies of various orders and pleadings filed in other district court cases in California and the District of Columbia.  These documents are matters of public record and readily verifiable, and therefore are the proper subject of judicial notice.  FED. R. EVID. 201(b)(2).  Accordingly, the Court **GRANTS** Defendant's request to take judicial notice of Defendant's Exhibits 4 and 7 through 13.

## IV.   DISCUSSION

### a.  First Cause of Action for Violation of the ADA

Plaintiff's first cause of action alleges that Defendant discriminated against him in violation of the ADA by "fail[ing] to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford . . .  accommodations to person[s] with disabilities.  [Doc. No. 1-2 ¶¶ 20-23.]

### i.  Statutory Requirements and Regulations for Hotel Reservation Systems Under the ADA

Title III of the ADA prohibits discrimination against individuals with disabilities in places of public accommodation, including websites.  42 U.S.C. § 12182(a); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir.), *cert. denied*, 140 S. Ct. 122, 205 L.Ed.2d 41 (2019).  Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such

. . . accommodations to individuals with disabilities," unless the modification would fundamentally alter the nature of the accommodation. 42 U.S.C. § 12182(b)(2)(A)(ii). To prevail on a discrimination claim under Title III, a plaintiff must prove that (1) "he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The third element is satisfied when the plaintiff can show a violation of accessibility standards. *See Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014) (citing *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)).

Defendant does not dispute that the first two elements of Plaintiff's ADA claim are met. Rather, the parties disagree as to whether the Hotel's website violates accessibility standards by failing to comply with the ADA's implementing regulations regarding hotel reservation systems. The specific regulation at issue, 28 C.F.R. § 36.302(e), provides (in relevant part) that places of lodging shall:

> (i) Ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; and
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. § 36.302(e)(1)(i)-(ii).[5]

While there is limited case law interpreting section 36.302(e), the Department of Justice ("DOJ"), which promulgated the regulations, has published Title III Regulations

---

[5] In the complaint, Plaintiff also recites 28 C.F.R. § 36.302(e)(1)(iv), which states that a hotel shall "[r]eserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems." [Doc. No. 1-2 ¶ 22.] However, Plaintiff does not allege anywhere in the complaint that Defendant's conduct violated subsection (iv). Accordingly, the Court solely analyzes Plaintiff's claims arising out of subsections (i) and (ii) of 28 C.F.R. § 36.302(e)(1).

2010 Guidance and Section-by-Section Analysis ("DOJ Guidance") explaining section 36.302(e)'s requirements in more detail. *See* 28 C.F.R. Pt. 36, App. A (2010). The DOJ Guidance states that the DOJ cannot specify what information must be included for every hotel reservation system. However, it establishes a general rule that the details required may vary based on the accessibility of the described accommodations and the "nature and age of the facility." *Id.* For "older hotels with limited accessibility features," the regulations require more detailed accessibility information.[6] *Id.* But for "hotels that were built in compliance with the 1991 Standards [ADA Standards for Accessible Design]"— as Plaintiff concedes[7] Defendant's Hotel was—

> it may be sufficient to specify that the hotel is accessible, and for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

*Id.*

The DOJ Guidance emphasizes the need to provide individuals with disabilities with sufficient information so that they may feel comfortable reserving a room that fits their needs. However, it also "recognizes that a reservations system is not intended to be an accessibility survey." *Id.* The DOJ Guidance therefore acknowledges that after making a reservation, "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information," at which point trained staff "should be available to provide additional information such as the specific layout of the room and bathroom,

---

[6] The DOJ Guidance suggests that older hotels should include, "at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms." 28 C.F.R. Pt. 36, App. A (2010). Older hotels should also "provide information about important features that do not comply with the 1991 Standards." *Id.*

[7] In his opposition, Plaintiff states: "The DOJ also noted that in older hotels that clearly cannot be deemed 'accessible,' the hotel should carefully delineate what is and what is not accessible . . . Here, though, we are not dealing with that situation. Here, we have a hotel that claims to be accessible." [Doc. No. 14 at 10.]

shower design, grab-bar locations, and other amenities available." *Id.*

### ii. Application to the Hotel's Website

Plaintiff first contends that Defendant's online reservation system violates 28 C.F.R. § 36.302(e) because the Hotel's website does not provide enough information to allow individuals with disabilities to independently assess whether the Hotel's accessible features would meet their needs. [Doc. No. 1-2 ¶ 23.] Plaintiff suggests that more detailed descriptions of the "critical or core components of a guestroom" would be appropriate, including whether there is at least 27 inches of knee clearance under the room's desk or table, whether the toilet has grab bars and a seat height between 17 and 19 inches, and whether there is at least 30 inches width on the sides of the beds for maneuvering. [Doc. No. 14 at 15-16.] Plaintiff also asserts that because the Hotel's website does not provide enough information, individuals with disabilities are unable to reserve hotel rooms in the same manner and "with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms." [*Id.* at 11-12.] Plaintiff's two claims "rise and fall together," as the basis of his second claim is that the Hotel fails to provide enough information to allow individuals with disabilities to use the online reservation system in the same manner as those who do not require accessible rooms. *See Love v. Marriott Ownership Resorts, Inc.*, No. 20-cv-07523-CRB, 2021 WL 1176674, at *5 (N.D. Cal. Mar. 29, 2021).

While Plaintiff may prefer more detailed accessibility information, Plaintiff's own allegations demonstrate that Defendant's online reservation system complies with 28 C.F.R. § 36.302(e) under the DOJ Guidance. The complaint states that the Hotel's website has a specific tab for "Accessibility," which lists both guest room accessibility features and accessible Hotel areas with accessible routes from the public entrance. [Doc. No. 1-2 ¶ 16.] The "Guest Room Accessibility" section specifies that each accessible room has bathroom grab bars, bathtub grab bars, a roll-in shower with an adjustable shower wand, a toilet seat at wheelchair height, and 32" wide doorways, among other accessible features. [*Id.*] Further, when searching for available rooms, the reservation system allows users to

filter for accessible rooms and describes their general features, including the type of room and the size and number of beds (i.e., "Guest room, 1 Queen"). [Doc. No. 6-1 at 9; Doc. No. 14 at 12.] Finally, the website instructs guests that they can call the Hotel for additional information about the physical features of accessible rooms, common areas, or special services relating to a specific disability. [Doc. No. 6-1 at 9; Doc. No. 14 at 11.] These descriptions and this level of detail is appropriate and acceptable based on the examples of compliant reservation systems provided in the DOJ Guidance.[8]

Further, the DOJ Guidance notes that for hotels built in compliance with the 1991 Standards, "it may be sufficient to specify that the hotel is accessible" and provide some basic information about each accessible room. 28 C.F.R. Pt. 36, App. A (2010). That is exactly what the Hotel's website does here. While Plaintiff argues that labeling things as "accessible" or "lowered" is "simply conclusion[ ] or opinion[ ] by the hotel," the term "accessible" is specifically defined in the 1991 Standards to describe "a site, building, facility, or portion thereof that complies with these guidelines." ADA Standards for Accessible Design § 3.5, 28 C.F.R. Pt. 36, App. A (1991). Therefore, the use of the term "accessible" is not conclusory, but rather indicates that the features described as "accessible" comply with the requirements of the ADA. Various other district courts have reached the same conclusion. *See Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 WL 936176, at *4 (C.D. Cal. Feb. 25, 2021) (collecting cases); *see also Garcia v. RPC Old Town Avenue Owner, LLC*, No. 21-cv-170-GPC-KSC, 2021 WL 1733388, at *5 (S.D. Cal. May 3, 2021) ("[T]his labeling is a description that the DOJ

---

[8] This conclusion is in line with countless federal district courts across California that reached similar conclusions on similar facts. For example, in *Garcia v. RPC Old Town Avenue Owner, LLC*, No. 21-cv-170-GPC-KSC, 2021 WL 1733388, at *5 (S.D. Cal. May 3, 2021), *Love v. Marriott Hotel Servs., Inc.*, No. 20-cv-07137-TSH, 2021 WL 810252, at *8 (N.D. Cal. Mar. 3, 2021), and *Arroyo v. JWMFE Anaheim, LLC*, No. SACV2100014CJCKESX, 2021 WL 936018, at *3 (C.D. Cal. Feb. 16, 2021), the courts held that the accessibility information on the defendant hotels' websites satisfied 28 C.F.R. § 36.302(e)(1)(ii) because that information complied with (and even exceeded) the DOJ Guidance. The accessibility descriptions provided in those cases were nearly identical to the language at issue here.

expressly interpreted as complying with [section 36.302(e)] . . . for the word 'accessible' is an ADA term of art which means that a facility complies with either the 1991 or 2010 ADA Standards for Accessible Design.").

Although the DOJ Guidance is merely advisory, the Ninth Circuit gives "substantial deference" to the DOJ's interpretation of its own regulations. *Miller v. California Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'").   Because the DOJ Guidance supports that the Hotel's online reservation system complies with 28 C.F.R. § 36.302(e), Plaintiff cannot show a violation of accessibility standards and thus cannot prevail on his discrimination claim under Title III of the ADA.   Accordingly, the Court finds that Defendant is entitled to judgment as a matter of law on Plaintiff's ADA claim, and **GRANTS** the motion for judgment on the pleadings on the ADA claim in favor of Defendant.[9]

### b.  Second Cause of Action for Violation of the Unruh Act

California's Unruh Act provides that a violation of the ADA is a per se violation of the Unruh Act.  CAL. CIV. CODE § 51(f).  Plaintiff's second cause of action alleges that Defendant "violated the Unruh Act by, inter alia, failing to comply with the ADA with respect to its reservation policies and practices."  [Doc. No. 1-2 ¶ 26.]  None of Plaintiff's allegations in the complaint indicate that there is a violation of the Unruh Act that is independent from the alleged ADA violation.

Because Plaintiff cannot prevail on his ADA claim, there is no predicate violation for the Unruh Act cause of action.  Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's Unruh Act claim.  The Court **GRANTS** the motion for judgment on the pleadings regarding Plaintiff's Unruh Act claim in favor of Defendant.

---

[9] Because the Court finds that Defendant complied with 28 C.F.R. § 36.302(e), it declines to address Defendant's argument that Plaintiff's ADA claim is barred by collateral estoppel.

## V.      CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is **GRANTED** and Plaintiff's complaint is **DISMISSED with prejudice**.[10]

It is **SO ORDERED**.

Dated:  May 17, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge

---

[10] Generally, a court freely grants leave to amend a complaint which has been dismissed.  FED. R. CIV. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. ServWell Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).  The Court does not find that any amendment to the complaint could correct the fact that Defendant's website complies with 28 C.F.R. § 36.302(e), and thus by extension the ADA and the Unruh Act.  Therefore, Plaintiff's complaint is dismissed with prejudice.

21-cv-00126-CAB-AGS